UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| MICHAEL BEAUCHAMP | NO.: 19-00050-BAJ-RLB |

## RULING AND ORDER

Before the Court is a **Motion to Quash the Indictment and Dismiss with Prejudice (Doc. 28)** urged by Defendant Michael Beauchamp. The United States has filed an opposition. (Doc. 29). For the following reasons, the **Motion (Doc. 28)** is **DENIED**.

I.  BACKGROUND

Defendant was arrested on December 5, 2017 on a violation of *state* law for being a felon in possession of a firearm. (Doc. 28-1 at 3). On April 25, 2019, Defendant was indicted in the instant case on a violation of *federal* law for being a felon in possession of a firearm. (Doc. 1).

II.  LEGAL STANDARD

Dismissal of an indictment is an "extreme sanction" that is appropriate "only in extraordinary situations and only where the government's misconduct has prejudiced the defendant." *United States v. Swenson*, 894 F.3d 677, 684-85 (5th Cir. 2018) (citation omitted).

## III. DISCUSSION

Defendant moves the Court to dismiss the Indictment due to a violation of the Speedy Trial Act. Section 3161(b) of Title 18 of the United States Code requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Defendant argues that he was arrested on December 5, 2017 yet was not indicted until April 25, 2019. However, "[c]ourts uniformly hold that an individual is not arrested under [18 U.S.C. § 3161(b)] until he is taken into custody after a federal arrest for the purpose of responding to a federal charge." *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987). In the instant case, Defendant was arrested on December 5, 2017 on a violation of *state* law. However, he was not "arrested" pursuant to the federal indictment until May 7, 2019, several days following the filing of a *federal* charge against him.[1] Thus, Defendant's motion to quash the indictment and dismiss with prejudice must be denied.

---

[1] Per 18 U.S.C. § 3282, the United States had five years after the offense was committed to indict Defendant. Here, the United States complied with the requirements of 18 U.S.C. § 3282.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Quash the Indictment and Dismiss with Prejudice (Doc. 28)** is **DENIED**.

Baton Rouge, Louisiana, this 20th day of December, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**